**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 3 0 2025

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA      ~~HELENA~~ DIVISION

CHRISTOPHER FRANKLIN                                    PLAINTIFF

vs                        Case No. __2:25-cv-133~~-KGB~~

CHRISTOPHER MORLEDGE, in his            This case assigned to District Judge __Baker____
individual capacity and as Circuit Judge,    and to Magistrate Judge __Ervin____
First Judicial Circuit of Arkansas, and,
TODD MURRAY, in his individual capacity
and as Prosecuting Attorney, First Judicial
Circuit of Arkansas,                                    DEFENDANTS

<u>COMPLAINT</u>

Plaintiff Christopher FRANKLIN, by and through his attorney Rickey L.
Hicks, for his cause of action against the Defendants Christopher MORLEDGE and
Todd MURRAY and each of them, brings this civil rights action pursuant to 42 USC
§§1983, 1985, 1988 and the 1st, 4th, 5th, 8th and 14th Amendments to the Constitution
of the United States and the Constitution of the State of Arkansas. The Defendants
are each elected public officers. Plaintiff is an elected public officer. Special factual
circumstances exist in this lawsuit sufficient to overcome any immunity claims
either defendant might otherwise attempt to plead. This civil suit seeks only
injunctive and declaratory relief, and attorney fees. Accordingly, Plaintiff alleges
these Defendants may be held to answer, and, may be restrained from furthering

1

past civil rights violations and enjoined from future such violations under the provisions of Sections 1983, 1985 and 1988.

## I. PRELIMINARY STATEMENT

1.    Plaintiff is the elected city Mayor of Helena-West Helena, Arkansas. Mayor FRANKLIN assumed office on January 1, 2023 for a four (4) year term. Upon election, Plaintiff quickly learned that the fiscal condition of the city was far worse than he initially thought. The municipal infrastructure was hovering at the brink of collapse. The municipal potable water supply was inadequate and the delivery system was in peril of catastrophic failure. The water department lacked an adequate number of trained, licensed operators. The city was inadequately funded and the prior city administration had allowed numerous fiscal accounts to run to collection or suit. The municipal landfill did not meet state or federal operating specifications. The heavy equipment there was for the most part in failed condition and inadequate to meet the day-to-day operating requirements of the facility. Garbage collection in the city was fraught with delays, missed pickups, equipment failures and an inadequate number of collection vehicles sufficient to serve the city's residents. A large number of abandoned structures ranging from single family dwellings to a multi-building, multi-family public housing project peppered the city. This created arson hazards and a significant public health risk since the structures attracted vermin, trash dumpers, squatters and vandals.

2.    Plaintiff thereafter had to devise and implement a municipal infrastructure stabilization and recovery plan. With the energetic assistance of the

Helena-West Helena City Council, the infrastructure was slowly stabilized. On January 18ᵗʰ, 2024, one of the city's critical water wells failed, thereby occasioning one of the most dangerous and widespread public safety emergencies in the city's history. This setback required extraordinary efforts by the city to overcome the effects of widespread areas of the city being totally without any water; other areas of the city with extremely low water pressure and the requirement of a long-term boil order.

3.      Eventually, funding for a new well was secured; a site was selected, and several months later the new well came online thereby restoring to some extent the status quo. Through the process of leasing/renting heavy equipment, the landfill was able to slowly regain a lawful operating status. The city street department, occasionally assisted by outside contractors, began to overcome significant deficits in roadway, drainage and related infrastructure repairs.

4.      The city thereafter began to battle the effects of fiscal limitations and slowly began paying down some, but clearly not all municipal debt. These struggles continue to the present day. Slowly, but with a newfound sense of sureness, the city has begun an era of recovery. This recovery is fragile and relies on the enthusiasm and goodwill of the citizenry if it is to grow and strengthen.

5.      Not every "faction" associated with the periphery of city government has been happy with these changes. Some decry the slow pace of recovery, others grumble that not enough is being spent on social programs. Still others perennially complain at city council meetings about how city hall is being run. In other words,

3

Helena-West Helena is pretty much like many other small-towns in Arkansas: a little beat up in places, beautiful in others, and always looking for the means whereby to prosper its families and communities which make up the city.

6.    The vast majority of Helena-West Helena's citizens are of African-American descent. Caucasian citizens are in the minority in Helena-West Helena. Defendant MORLEDGE and his husband reside over 50-miles from Helena and have no ties to the community. This has, however, not affected MORLEDGE'S willingness to make disparaging remarks about the African-American Circuit Court Clerk of Phillips County, Arkansas and her staff. Defendant MURRAY and his wife live in Helena. He lives adjacent to the town's golf course. When they were of age, Defendant MURRAY sent his minor children to private school so as to insulate them from the predominantly African-American school population in the Helena-West Helena school district. Defendant MORLEDGE and Defendant MURRAY hold contempt and hatred for the African-American people of Phillips County, Arkansas.

7.    Mayor Christopher FRANKLIN, Plaintiff herein, is of African-American descent and he is proud of his city; proud of Phillips County, Arkansas and proud of the history of hard work, sacrifice and endurance of spirit of its people, regardless of their racial origin. This appears to have deeply offended both Defendants, and they have acted on their deep-seated senses of racial entitlement; their racial bias and animus toward African-Americans in general and their patronizing sense that at the end of the day, only Caucasians are competent to run governmental offices. Within the preceding few years these same two

defendants have operated the same basic scheme to violate civil rights, utilizing public offices as cover for their racist bearings, and removed two other African-American public officials from public offices in Phillips County government. Plaintiff respectfully argues that this ongoing, organized and well-oiled misuse of government offices to serve as their vehicle of gross oppression of African Americans should be forthwith interdicted by this Court.

## II. THE PARTIES

8.    Plaintiff Christopher FRANKLIN is a life-long resident of Phillips County, Arkansas and is the elected Mayor of Helena-West Helena, Arkansas.

9.    Defendant Christopher MORLEDGE is a resident of Forrest City, Arkansas and is an elected Circuit Judge for the 1st Judicial Circuit, State of Arkansas.

10.    Defendant Todd MURRAY is a resident of Helena-West Helena, Arkansas and is the elected Prosecuting Attorney for the 1st Judicial Circuit, State of Arkansas.

## III. VENUE

11.    Venue is proper in this Court under 18 USC § 1391(b) because the Plaintiff resides here. A substantial part of the events giving rise to this litigation occurred in the Eastern District of Arkansas. This Court has venue and subject matter jurisdiction by virtue of 21 USC § 1331 and 28 USC § 2201. An actual controversy of justiciable nature exists between Plaintiff and the Defendants, involving rights and obligations under the Constitution of the United States.

## IV. JURISDICTION

12.    This court has subject matter jurisdiction pursuant to 28 USC § 1331, 28 USC §§ 2201, 2202, the 1st, 4th, 5th and 14th Amendments to the United States Constitution. Additional jurisdiction is availed under 28 USC §1343 because Plaintiff claims damage and deprivation was inflicted under the color of law pursuant to 42 USC § 1983; a conspiracy to violate civil rights under 42 USC § 1985 and attorney fees are sought under 42 USC § 1988.

## V.  FACTS COMMON TO ALL COUNTS

13.    Plaintiff incorporates prior paragraphs 1-12 (inclusive) as is set out here and repeated in their entirety. From at least June 1, 2020 and continuing through the present, in the Eastern District of Arkansas and elsewhere, the Defendants MORLEDGE and MURRAY devised and intended to devise a common scheme, plans and courses of action designed and intended to deprive and deny Plaintiff and various unrelated African-American citizens of Phillips County, Arkansas of their Constitutional rights secured them under the United States Constitution, including rights secured under the first (1st), fourth (4th), fifth (5th) and fourteenth (14th) amendments thereto, all in violation of 42 USC §1983[1] et seq.

14.    It was part of their common plan and scheme that the defendants would and did, from time to time, create and file various artifices which facilitated their civil rights violation schemes. These artifices simulated otherwise legitimate legal processes and included both civil-style pleadings and criminal-style pleadings.

---

[1] Although not actionable in a civil case, these same Defendants likely violated the criminal provisions prohibiting willful deprivation of civil rights under the color of law, and conspiracy to do so, codified under 18 USC §§241, 242, 1 and 2.

15.   It was part of their common scheme and plan that MORLEDGE and MURRAY would and did, from time to time, file such spurious documents into the 1st Circuit Court records system in Phillips County, Arkansas. In creating and filing such documents, the Defendants would and did these acts knowingly, wilfully, wrongfully and with intent to deny and deprive Plaintiff of his civil rights as set out above. MORLEDGE and MURRAY well knew of the falsity and wrongfulness of their actions at the time such acts were performed.

16.   It was part of the scheme that the defendants would prepare these documents together, each knowing the other was using their respective political office as the means of concealing their true intent of inflicting deprivation of civil rights under the color of law. It was part of their scheme that MURRAY would and did, on June 24, 2025 at or about 1:00 p.m., hand a bundle of such documents marked up as:

a.) Verified Complaint

b.) Motion for Temporary Restraining Order

c.) Temporary Restraining Order

wherein MURRAY made intentional false statements; made incomplete and misleading statements; failed to make other statements required to be made in order to make other statements "not misleading."

17.   Both MORLEDGE and MURRAY knew that their scheme to introduce their spurious documents, in this instance filed under Phillips County Arkansas Circuit Court case number 54CV-2025-208 (State v. Franklin) was in direct, wilful

7

violation of the Arkansas State Supreme Court's Administrative Order No. 14 and 1st Judicial Circuit Court Administrative Rule 1, which two rules require the random selection of judges within the Judicial Circuit. In previous unrelated cases of "removal from office" filed by these Defendants against two separate public office holders in Phillips County, they employed the same scheme whereby MURRAY would funnel the spurious documents to MORLEDGE who would then "file" them in his Court, and later obtain a case number from the Circuit Clerk. By using this scheme. They were able to conceal their activities from other Judges in the Circuit and assure that they could completely control the outcome of the spurious lawsuits.

18.     By employing these artifices and devises of fraud, MORLEDGE and MURRAY were able to subvert justice and operate their fraud to the detriment of their particular victim. In this instance, MURRAY prepared a fraudulent collection of documents and used them, with MORLEDGE's signature on a simulated "temporary restraining order[2]" and immediately thereafter, with the stroke of his pen, removed Plaintiff FRANKLIN from public office, in open violation of notice requirements of Arkansas Rules of Civil Procedure, Rule 65.

## VI. COUNTS

## COUNT ONE

19.     Plaintiff adopts and incorporates each previous paragraph herein, as if set out in full here, and says:

---

[2] In Plaintiff's case, MORLEDGE was handed a "Summons" made out to Plaintiff, and hand notated on it, "Filed in open court 25 June 2025 at 1:00 p.m." This violated the Arkansas Rules of Civil Procedure which holds that legitimate civil actions must be filed with the Clerk of the Court, not by a judge in open court.

20.    On June 25, 2025, In the Eastern District of Arkansas at Forrest City, Defendants MORLEDGE and MURRAY conspired to use simulated legal processes resembling legitimate civil action pleadings, naming the State of Arkansas as Plaintiff and Christopher Franklin as Defendant marked up as case number 54CV-2025-208, Phillips County Circuit Court, said pleading styled as a "SUMMONS." All in violation of 42 USC § 1983, 1985. Plaintiff has actually been deprived thereby of his civil rights.

## COUNT TWO

21.    On June 25, 2025, In the Eastern District of Arkansas at Forrest City, Defendants MORLEDGE and MURRAY conspired to use simulated legal processes resembling legitimate civil action pleadings, naming the State of Arkansas as Plaintiff and Christopher Franklin as Defendant marked up as case number 54CV-2025-208, Phillips County Circuit Court, said pleading styled as a "VERIFIED COMPLAINT." All in violation of 42 USC § 1983, 1985. Plaintiff has actually been deprived thereby of his civil rights.

## COUNT THREE

22.    On June 25, 2025, In the Eastern District of Arkansas at Forrest City, Defendants MORLEDGE and MURRAY conspired to use simulated legal processes resembling legitimate civil action pleadings, naming the State of Arkansas as Plaintiff and Christopher Franklin as Defendant marked up as case number 54CV-2025-208, Phillips County Circuit Court, said pleading styled as a "MOTION

FOR TEMPORARY RESTRAINING ORDER." All in violation of 42 USC § 1983, 1985. Plaintiff has actually been deprived thereby of his civil rights.

### COUNT FOUR

23.    On June 25, 2025, In the Eastern District of Arkansas at Forrest City, Defendants MORLEDGE and MURRAY conspired to use simulated legal processes resembling legitimate civil action pleadings, naming the State of Arkansas as Plaintiff and Christopher Franklin as Defendant marked up as case number 54CV-2025-208, Phillips County Circuit Court, said pleading styled as a "TEMPORARY RESTRAINING ORDER." All in violation of 42 USC § 1983, 1985. Plaintiff has actually been deprived thereby of his civil rights.

### VII. RELIEF SOUGHT

### DECLARATORY JUDGMENT

24.    Plaintiff prays for Declaratory Judgment that the scheme to violate Plaintiff's civil rights is an unconstitutional scheme; that any conspiracy to operate such scheme is illegal and both acts violate 42 USC §§1983, 1985. For an order requiring Defendants MORLEDGE and MURRAY to cease and desist in such schemes and artifices of civil rights violations.

### INJUNCTIVE RELIEF

25.    Plaintiff prays for Permanent Injunction against the Defendants MORLEDGE and MURRAY engaging in any scheme to violate Plaintiff's civil

rights; a Permanent Injunction prohibiting any conspiracy to operate such a scheme that violates 42 USC §§1983, 1985.

### COSTS OF THE ACTION & ATTORNEY FEES

26.    Plaintiff prays that the full costs and fees associated with the action together with a reasonable attorney's fee be taxed to the Defendants, jointly and severally; said assessment to run with the maximum interest allowed under Arkansas or Federal law from date of judgment until paid.

EQUITABLE RELIEF

27.    Plaintiff prays for all other equitable relief to which the Court may find him entitled.

Respectfully submitted,
CHRISTOPHER FRANKLIN, PLAINTIFF, by:

Rickey Hicks, No. 89235
Attorney at Law
1323 Broadway
Little Rock, AR  72206
501-920-7298
Email: hickslawoffice@yahoo.com