IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHRISTOPHER FRANKLIN**                                                      **PLAINTIFF**

v.                  **CASE NO. 2:25-CV-00133-KGB**

**CHRISOPHER MORLEDGE, et al.**                           **DEFENDANTS**

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiff's Complaint is deficient and should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(2), (5), and (6). First, neither Defendant was properly served process so the Court lacks personal jurisdiction. Second, Defendants are entitled to Eleventh Amendment immunity, judicial immunity (as to Judge Morledge), prosecutorial immunity (as to Todd Murray), and qualified immunity. And third, the Plaintiff fails to plead facts to make his allegations plausible on the face of the Complaint. Fed. R. Civ. P. 12(b)(6). For all these reasons, the Complaint should be dismissed.

**II.     BACKGROUND**

On June 30, 2025, Plaintiff Christopher Franklin filed suit under 42 U.S.C. §§ 1983, 1985, and 1988 alleging Defendants violated his civil rights. *See* ECF No. 1. Plaintiff asserts that Defendants are "elected public officers" who violated Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution, and non-specified rights under the Arkansas Constitution. *Id.* at 1. More specifically, he claims that Defendants "devised and intended to devise a common scheme . . . designed and intended to deprive and deny Plaintiff . . . of [his] Constitutional rights. . . ." *Id.* at 6. The alleged scheme involved Defendants creating and filing "various artifices" that "simulated otherwise legitimate legal processes and included both

1

civil-style pleadings and criminal-style pleadings" in the Circuit Court of Phillips County, Arkansas. *Id.* And he alleges they "us[ed] their respective political office as the means of concealing their true intent of inflicting deprivation of civil rights under the color of law." *Id.* at 7.

Plaintiff allegations, however, cannot hold water, and they should be dismissed on the front end for their procedural and substantive deficiencies. The "various artifices" relevant to this case are the Verified Complaint, Motion for Temporary Restraining Order, and Temporary Restraining Order filed in *State v. Franklin*, 54CV-25-208 (Phillips County, June 25, 2025). *Id.* at 7, 9–10. But Plaintiff offers nothing more than his own speculation that Defendants intended to, much less that they actually did, violate his constitutional rights. He seeks declaratory judgment—to declare Defendants' alleged scheme unconstitutional—and injunctive relief—to enjoin Defendants from engaging in such an alleged scheme or conspiracy in the future. *Id.* at 10–11. For the reasons articulated below, this case should be dismissed.

### III.     MOTION TO DISMISS STANDARD

It is within the powers of this Court to dismiss a case for failure to follow court rules. *Marshall v. Warwick*, 155 F.3d 1027, 1030 (1998) (internal citations omitted). And a "[f]or a federal court to have personal jurisdiction over a party, the party must be properly served under Fed. R. Civ. P. 4." Est. of Osborn-Vincent v. Am. Express Fin. Corp., 835 F. App'x 167, 168 (8th Cir. 2021) (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (concluding that a district court lacked jurisdiction over an improperly served party regardless of whether or not the party had notice of the lawsuit)).

Moreover, a party may move to dismiss when there is a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a party must provide a "short and plain statement of the claim that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a motion to dismiss under Rule 12(b)(6), courts assume that all facts in the complaint are true and construe any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The factual content in the complaint must "'allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

If the complaint does not contain sufficient facts to create a reasonable inference of the defendant's liability for wrongful conduct, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, Rule 8 has a pleading standard that requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Id.*

### IV. ARGUMENT

**A.  Plaintiff did not properly serve either Judge Morledge or Prosecutor Murray; this Court therefore lacks personal jurisdiction over both of them.**

Service of the initial summons and complaint in a case is governed by Federal Rule of Civil Procedure 4. When seeking to serve an individual within the United States—other than a minor, incompetent person, or person who waived service—sufficient service can be accomplished in a few ways, including that: (1) the summons and complaint can be given directly to the person needing to be served; (2) the summons and complaint can be left at the person's "dwelling or usual

place of abode with someone of suitable age and discretion who resides there"; or (3) it can be delivered "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Neither Judge Morledge nor Prosecutor Murray were served in accordance with the available methods under Fed. R. Civ. P. 4. They were not personally served a copy of the summons or complaint. Nor were they served at their dwelling or usual place of abode. And neither Defendant has an agent authorized by appointment or by law to receive service of process. Service of process can be successful, however, if the Plaintiff follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed R. Civ. P. 4(e)(1). But that is not the case here.

Since this Court is located in Arkansas, the rules governing service in Arkansas circuit courts are applicable. When serving a public officer for actions taken in his official capacity in Arkansas, service "shall be on the officer . . . and by mailing a copy of the process as specified in subdivision (g)(1)(A)(i) of this rule. . . ." Ark. R. Civ. P. 4(f)(17). Arkansas Rule of Civil Procedure 4(g)(1)(A)(i) states that a "plaintiff or an attorney of record for the plaintiff shall serve process" by certified mail "addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee."

Plaintiff failed to properly serve either Defendant under Arkansas Rule of Civil Procedure 4(g)(1)(A)(i). Service to Defendant Murray was by priority mail without delivery restricted or a return receipt requested. Also, his secretary received and signed for the attempted service—who, again, is not authorized by law or appointment to be his agent for service. This does not comport with Arkansas's strict requirements for service of process to public employees. Ark. R. Civ. P. 4(g)(1)(A)(i) (stating that the plaintiff or his counsel "shall serve process" according to the certified

mail rule). Likewise, Plaintiff failed to properly serve Defendant Judge Morledge under Arkansas Rule of Civil Procedure 4(g)(1)(A)(i). While Plaintiff sent Defendant Judge Morledge process via certified mail, delivery was not restricted to himself or to an agent. Defendant Judge Morledge's trial court administrator signed for the summons and Complaint, who is neither an agent for service provided under the law or by his appointment. Therefore, service of process to both Defendants was insufficient. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). This Court therefore lacks personal jurisdiction over both Defendants, and Plaintiff's Complaint should be dismissed.

**B.    Plaintiff's official capacity claims against Defendants are barred by Eleventh Amendment immunity.**

Judge Morledge and Prosecutor Murray are entitled to immunity under the Eleventh Amendment. "Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). The "States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). As a result, the Supreme Court of the United States "has upheld States' assertions of sovereign immunity in various contexts falling outside the literal text of the Eleventh Amendment." *Id.* at 727.

However, the "narrow exception" to sovereign immunity "allows certain private parties to seek judicial orders in federal courts preventing state executive officials from enforcing state laws that are contrary to federal law." *Minn. RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985, 989–90 (8th Cir. 2022). To analyze this exception, "a court conducts a straightforward inquiry into whether [the] complaint alleges an *ongoing violation of federal law*" and seeks

5

prospective relief. *Id.* at 990. The exception "does not apply when the defendant official has *neither enforced nor threatened to enforce* the statute challenged as unconstitutional." *Id.* at 988.

This "traditional exception does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health*, 595 U.S. at 39. Usually, state-court judges "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* If a state court errs, plaintiffs have access to the traditional remedy of an appeal. *Id.* Thus, "an injunction against a state court or its machinery would be a violation of the whole scheme of our Government." *Id.* (internal quotations omitted).

Plaintiff's claims against Defendants, in their respective official capacities, are barred by sovereign immunity. Both Defendants are employees of the State of Arkansas, and suits "brought against employees in their official capacity represent only another way of pleading an action against an entity of which an officer is an agent, and they may also be barred by sovereign immunity." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (internal quotations omitted). As plainly stated in *Whole Woman's Health*, state-court judges do not enforce state laws, and the narrow exception to sovereign immunity does not encompass them. So, allegations against Defendant Judge Morledge, in his official capacity, are barred by sovereign immunity.

Additionally, *Freeman* makes clear that the narrow exception to sovereign immunity requires a state official to prospectively enforce a state law that is contrary to federal law. *Freeman*, 33 F.4th at 990. Plaintiff does not plead that Defendant Murray seeks to prospectively enforce a state law that violates federal law. Instead, Plaintiff alleges that Defendant Murray participated in a scheme or conspiracy to file court documents and misuse the powers of his state office to remove Plaintiff as the mayor of Helena-West Helena, Arkansas. ECF No. 1 at 6–10. Since Defendant Murray's alleged conduct was in the past and he "neither enforced nor threatened to enforce [a]

6

statute challenged as unconstitutional," the narrow exception to sovereign immunity does not apply to allow claims against him, in his official capacity, to continue. *Freeman*, 33 F.4th at 992. Thus, both Defendants are entitled to dismissal of Plaintiff's claims against them in their official capacities.

**C.     Plaintiff's suit against Judge Morledge is barred by judicial immunity.**

Judge Morledge is entitled to absolute judicial immunity. "A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights," and this immunity "is not overcome by allegations of bad faith or malice." *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 759–60 (8th Cir. 2019). Judicial immunity does not apply in two narrow sets of circumstances. *Id.* at 760. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curium)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

*1.     Judge Morledge's actions were taken in his judicial capacity.*

To determine whether an act by a judge is a "judicial act," one must look to the nature of the act itself—whether it is a function normally performed by a judge—and to the expectations of the parties—whether the parties dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error…or was in excess of his authority." *Mireles*, 502 U.S. at 12–13 (internal quotations omitted). A court looks at the "nature" and "function" of the act and not the act itself. *Justice Network Inc.*, 913 F.3d at 760. Thus, "to determine whether an act is judicial, courts 'look to the particular act's relation to a general function normally performed by a judge.'" *Id.* (quoting *Mireles*, 502 U.S. at 13).

7

Based on the allegations in the Complaint, Judge Morledge's actions were taken in his judicial capacity. Plaintiff claims that Judge Morledge participated in a scheme to receive, from a prosecuting attorney, documents ready to file in Plaintiff's case, and Judge Morledge would then "'file' them in his Court, and later obtain a case number from the Circuit Clerk." ECF No. 1 at 8. Plaintiff asserts that by using this scheme Judge Morledge was able to conceal activities "from other Judges in the Circuit and assure they could completely control the outcome of the spurious lawsuits." *Id.* However, Arkansas law is clear that any "circuit judge of this state…physically present in the geographical area of the judicial circuit which he or she serves as judge, may hear, adjudicate, or render any appropriate order with respect to any cause or matter pending in any circuit court over which he or she presides." Ark. Code Ann. § 16-13-210(a)(1).

Furthermore, Plaintiff's allegations do not assert Judge Morledge acted outside his judicial capacity in handling his case. While administrative orders from the Arkansas Supreme Court (*see* Arkansas Supreme Court Administrative Order 14) and the First Judicial District (*see* First Judicial Circuit Administrative Order No. 1) state that unrelated cases should be randomly assigned, Plaintiff neither claims that the case brought against him was unrelated to others before Judge Morledge or that Judge Morledge's actions of receiving documents to file and later filing them were actions not in the nature and function of those performed by judges. According to Plaintiff, Judge Morledge received documents from Defendant Murray to file in the state court case relevant to the initiation and continuation of a legal proceeding. ECF No. 1 at 7. Then, he alleges, Judge Morledge accepted the documents and presided over the legal proceedings. *Id.* at 8. The receipt and processing of legal documents as well as presiding over ongoing legal proceedings are actions of the nature and function in which judges engage every day. Therefore, this Court should hold

that Judge Morledge's actions were judicial, and the claims against him should be dismissed due to judicial immunity.

        2.     *Judge Morledge did not act in the complete absence of all jurisdiction.*

When examining whether a judge acted in the complete absence of all jurisdiction for purposes of applying judicial immunity, the scope of the judge's jurisdiction is to be construed broadly. *Justice Network Inc.*, 931 F.3d at 762. Actions "taken in the very aid of the judge's jurisdiction over a matter before him" are not taken in the absence of all jurisdiction. *Id.* As shown earlier, Judge Morledge has the authority "to hear, adjudicate, and render any appropriate order with respect to any cause or matter pending in any circuit court over which he presides." Ark. Code Ann. § 16-13-210(a)(1). Furthermore, Judge Morledge's alleged actions in transmitting documents to be filed for the purpose of initiating a suit and overseeing its subsequent legal proceedings, ECF No. 1 at 8, were only to aid Judge Morledge's jurisdiction over the matter. Thus, the Complaint does not allege any actions that Judge Morledge took in the complete absence of all jurisdiction, and he is entitled to judicial immunity.

        3.     *Judge Morledge is entitled to judicial immunity as to declaratory and injunctive relief.*

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. In the Complaint, Plaintiff does not allege that a declaratory decree was violated, nor does he claim that declaratory relief is unavailable. To the contrary, Plaintiff specifically requests that this Court grant declaratory relief. ECF No. 1 at 10. Therefore, judicial immunity bars any claim for injunctive relief.

Likewise, Plaintiff's claim for declaratory relief against Judge Morledge is barred by judicial immunity. Declaratory relief is the only type of relief available to a plaintiff who sues a judge and, even then, a plaintiff is only limited to "prospective declaratory relief." *Justice Network Inc.*, 931 F.3d at 763–64. Declaratory judgment is "meant to define the legal rights and obligations of the parties in anticipation of some future conduct." *Id.* at 764. So a complaint seeking the declaration of past liability against a judge, and not of any future right, does not meet the definition of declaratory judgment. *Id.* The only request for declaratory judgment in Plaintiff's Complaint is purely retrospective. Plaintiff prays that this Court declares the alleged scheme previously used in Plaintiff's case unconstitutional and that any such scheme used by Defendants be declared to violate §§ 1983 and 1985.[1] ECF No. 1 at 10. Both of these requests for relief relate only to Defendants' alleged conduct in the past. This is not sufficient to escape judicial immunity, and this Court should dismiss Plaintiff's claims against Judge Morledge.

D. **Plaintiff's suit against Defendant Murray is barred by prosecutorial immunity.**

Prosecutor Murray is entitled to absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process." *Winslow v. Smith*, 696 F.3d 716, 739 (8th Cir. 2012) (quoting *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006)). Actions taken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute

---

[1] In the Declaratory Judgment section of his Relief Sought, Plaintiff also asks this Court "[f]or an order requiring Defendants MORLEDGE and MURRAY to cease and desist in such schemes and artifices of civil rights violations." ECF No. 1 at 10. However, this, again, is not seeking this Court's declaration of the legal rights and obligations of the parties in the anticipation of some future conduct. Instead, Plaintiff asks this Court to enjoin Defendants from engaging in certain conduct—which is more appropriately placed under injunctive relief.

10

immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

The Supreme Court noted concerns that prosecutors would be harassed by unfounded litigation that could detract from his energies from his public duties and lead him to "shade his decisions instead of exercising the independence of judgment required by his public trust." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). "This is no small concern, given the frequency with which criminal defendants bring such suits, and the substantial danger of liability even to the honest prosecutor that such suits pose when they survive pretrial dismissal." *Id.* at 342 (omitting citations) (stating that a defendant will often use his resentment from his prosecution as the basis of his claim for improper and malicious prosecutorial actions).

Plaintiff claims that Defendant Murray "would and did, from time to time, create and file artifices" that "simulated otherwise legitimate legal processes" including those in "criminal-style pleadings." *Id.* However, creating and filing documents to initiate and continue criminal proceedings is precisely what is protected under absolute prosecutorial immunity. *Kalina*, 522 U.S. at 126 ("[P]reparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). Thus, Plaintiff's claims, as they relate to Murray's official actions as the prosecuting attorney, are barred by absolute prosecutorial immunity.

**E.    Plaintiff's suit against Defendants is barred by qualified immunity.**

"Qualified Immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (internal quotations omitted). Officers "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Dist. of*

11

*Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (internal quotations omitted). To be clearly established, the law must be sufficiently clear, at the time of the officer's conduct, to inform every reasonable official that what he was doing was unlawful. *Id.* at 63. The law must have a clear foundation in then-existing controlling authority or through a robust consensus of persuasive authority prohibiting "the officer's conduct in the particular circumstances before him." *Id.* "As a matter of public policy, qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 335 (1986).

Plaintiff does not provide facts to show what constitutional rights he alleges Defendant Murray violated or that the unlawfulness of Defendant Murray's conduct was clearly established at the time. Peeling away Plaintiff's conclusory statements, the Complaint states that Defendant Murray drafted legal documents—at times with the assistance of Defendant Judge Morledge—and presented those in the state court case. ECF No. 1 at 6–7. Those are all the facts alleged against Defendans. The remainder of Plaintiff's allegations are all legal conclusions.[2] Moreover, aside from simply naming constitutional amendments in the Complaint, Plaintiff never provides facts showing how Defendants' conduct violated any of the cited amendments. *See id.* at 6–10. By failing to describe with any level of specificity how Defendants' conduct violated Plaintiff's constitutional rights, Plaintiff similarly fails to point to Eighth Circuit controlling authority or a robust body of persuasive authority that would put Defendants on notice that their alleged actions

---

[2] ECF No. 1 at 6 ("[T]he Defendants…devised and intended to devise a common scheme, plans and courses of action designed and intended to deprive and deny Plaintiff and various unrelated African-American citizens…of their Constitutional rights…."); *Id.* at 7 ("[T]he Defendants would and did these acts knowingly, willfully, wrongfully, and with intent to deny and deprive Plaintiff of his civil rights as set out above."); *Id.* at 8 ("By employing these artifices and devises of fraud [Defendants] were able to subvert justice and operate their fraud to the detriment of their particular victim.").

violate any of Plaintiff's constitutional rights. For these reasons, Defendants are entitled to qualified immunity, and this Court should dismiss the claims against them.

F.       **Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

As set forth above, a complaint must provide sufficient factual allegations to "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d at 594. If a complaint does not provide sufficient facts to create a reasonable inference of the defendant's liability for wrongful conduct, dismissal is appropriate. *See Beavers*, 755 F.2d at 663. A complaint's facts should state a claim that is plausible on its face, and this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff fails to plead facts supporting plausible claims against Defendants. The Complaint appears to allege that Defendants engaged in racial discrimination and a conspiracy. ECF No. 1 at 6 ("[T]he Defendants…devised and intended to devise a common scheme, plans and courses of action designed and intended to deprive and deny Plaintiff and various unrelated African-American citizens…of their Constitutional rights secured them under the United States Constitution…."). However, Plaintiff does not identify what provisions of the constitutional amendments that Defendants allegedly violated, nor does he provide facts as to how Defendants plausibly violated those constitutional amendments. At best, it seems like Plaintiff argues a violation of 42 U.S.C. § 1985(3) or of the Equal Protection Clause, but both of those claims require intentional discrimination. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) ("The plaintiff must show that the conspiracy is fueled by some 'class-based, invidiously discriminatory animus.'") (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *Absolute Essence LLC v. Public Consulting Grp. LLC*, 117 F.4th 1044, 1048 (8th Cir. 2024) ("A

critical element is missing either way: *intentional* discrimination.") (citing *Village of Arlington Heights v. Metro. House. Dev. Corp.*, 429 U.S. 252, 265 (1977)). A complaint that alleges, at most, a racially disparate impact without establishing, through factual support, a discriminatory purpose is insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Absolute Essence LLC*, 117 F.4th at 1048.

Plaintiff's Complaint fails to establish discriminatory intent under a § 1985 claim or an equal protection claim. He alleges that Defendants have sought to remove him, an African American, as well as two other African Americans from office in Phillips County, in unrelated cases, during Defendants' time in their respective offices. ECF No. 1 at 8. Assuming solely for argument that this is sufficient to plausibly plead that Defendants' actions have had a disparate impact over time, Plaintiff's attempt to show discriminatory intent falls flat. He states that Judge Morledge lives more than fifty miles from Helena and has no ties to the community. *Id.* at 4. Plaintiff also alleges that Judge Morledge has made "disparaging remarks about the African-American Circuit Court Clerk of Phillips County" without giving this Court any idea of what was said in these remarks or any facts as to how those comments have any bearing on Plaintiff's Phillips County case. *Id.* As for Defendant Murray, the Complaint notes that he lives "adjacent to [Helena's] golf course" and that he "sent his minor children to private school" allegedly to prevent them from interacting with the predominately African-American school population in the town. *Id.* All that remains in the Complaint are speculation and conclusions about Defendants' alleged intent to deprive and deny African-Americans their constitutional rights. *See id.* at 4–8. When a complaint fails to factually establish a discriminatory purpose, it fails to survive a Rule 12(b)(6) motion to dismiss. *Absolute Essence LLC*, 117 F.4th at 1048.

Similarly, Plaintiff fails to state a claim for civil conspiracy upon which relief can be granted. A civil conspiracy is not an independent tort action and must rely on underlying tortious activity. *Id.* (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004)). If there is no underlying tort, there is no civil conspiracy. *Absolute Essence LLC*, 117 F.4th at 1048 (citing *KBX, Inc. v. Zero Grade Farms*, 2022 Ark. 42, at 19, 639 S.W.3d 352, 364). Given Plaintiff's failure to state a constitutional violation or other tort, independent of the civil conspiracy, he is unable to adequately plead the existence of the civil conspiracy. For all of these reasons, Plaintiff fails to plead a claim upon which relief can be granted, and his claims against Defendants should be dismissed.

## V.   CONCLUSION

WHEREFORE, Defendants respectfully requests this Court grants their Motion to Dismiss, and they further request any and all other just and proper relief to which they may be entitled.

July 23, 2025                    Respectfully submitted,

TIM GRIFFIN
Attorney General

*/s/ Jordan Broyles*
Jordan Broyles
Ark. Bar No. 2015156
Senior Assistant Attorney General
Laura Purvis
Ark. Bar No. 2023239
Assistant Attorney General
Office of the Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
PH: (501) 295-7486
Fax: (501) 682-2591
Jordan.Broyles@arkansasag.gov
Laura.Purvis@arkansasag.gov

*Counsel for Defendants*